UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

| | |
|---|---|
| Case No.  CV 13-2074-GAF (PLA) | Date October 29, 2013 |

Title:   Tammy Lynn Shirk v. Guillermo Garcia, Warden

---

| | |
|---|---|
| PRESENT:  THE HONORABLE PAUL L. ABRAMS | ☐ U.S. DISTRICT JUDGE |
| | ☒ MAGISTRATE JUDGE |

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| NONE | NONE |

**PROCEEDINGS:**       ( IN CHAMBERS)

On March 22, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). On April 24, 2013, respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that Ground Two in the Petition is unexhausted because it was never presented as a federal Constitutional claim to the California Supreme Court.  (See Motion at 2).

A state prisoner must exhaust her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  In order to "fairly present" a claim, the petitioner must include both a "reference to a specific federal constitutional guarantee, as well as a statement of the facts" entitling the petitioner to relief.  Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); accord Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).  This can be done by citing "the federal source of law on which [the petitioner] relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).  The petitioner must present her claims to the highest state court with jurisdiction to consider it or demonstrate that no state remedy remains available.  See Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).  The inclusion of unexhausted claims in a habeas petition renders it "mixed" and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

After reviewing petitioner's relevant state court filings, the Court concludes that the federal nature of petitioner's claim in Ground Two was not "fairly presented" to the California Supreme Court. In her Petition for Review filed in the California Supreme Court, petitioner raised a similar claim to Ground Two in the Petition, but the claim was based solely on state law. (Compare Lodgment No. 9 at ii, 3, 19-22 with Petition at 5-6). Specifically, in her Petition for Review, petitioner alleged that the California Court of Appeal "improperly considered hearsay testimony as purported evidence of wrongdoing." (Lodgment No. 9 at ii, 3, 19). Petitioner cited one California case for the proposition that "a Court of Appeal may not rely on evidence that was excluded by the trial court[,]" but did not cite any federal or constitutional law. (See id. at 22 (citing People v. Briggs, 58 Cal.2d 385, 405-07 (1962))). Moreover, the California Supreme Court summarily denied the Petition for Review without comment or citation to authority and, thus, did not address any federal or constitutional basis for its decision.

Accordingly, the Court concludes that Ground Two in the Petition is unexhausted. Because one of the grounds in the Petition is exhausted and the other is not, the Petition is subject to dismissal as a "mixed" petition -- that is, a petition containing both exhausted and unexhausted claims. As a result, petitioner has the following four options in this action:

**Option 1:** Petitioner may request a voluntary dismissal of her entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), so that she may return to the state courts to exhaust her unexhausted claim. However, petitioner is advised that her dismissed claim may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." **In order to proceed under Option 1, petitioner may use the attached Notice of Dismissal form and select the option dismissing this action in its entirety. She must also sign the form.**

**Option 2:** Petitioner may request a voluntary dismissal of her unexhausted claim (Ground Two) and elect to proceed only on her exhausted claim (Ground One). However, petitioner is advised that if she elects to proceed with her exhausted claim, any future habeas petition containing her unexhausted claim, or other claims which could have been raised in the instant Petition, may be rejected as successive. **In order to proceed under Option 2, petitioner may use the attached Notice of Dismissal form to select the option dismissing only certain claims, must specify which ground for relief in the Petition she seeks to dismiss, and must sign the form.**

**Option 3:** Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the Court is empowered to stay the claims in a "mixed" petition while petitioner returns to state court to exhaust her already pled, but unexhausted, claims. To obtain a stay pursuant to Rhines, petitioner must show that: (1) she has good cause for her failure to exhaust her claim in state court; (2) the unexhausted claim is potentially meritorious; and (3) there is no indication that she intentionally engaged in dilatory litigation tactics. Id. at 278. **In order to proceed under Option 3, petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to Rhines, and must also: (1) inform the Court whether she is currently exhausting Ground Two through a pending state habeas petition and, if so, provide the Court with a complete copy of that petition; and (2) show good cause for not having already exhausted her unexhausted claim, demonstrate that the claim is not plainly meritless, and show that she has not intentionally engaged in dilatory litigation tactics.**

**Option 4:** Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir.), cert. denied, 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), petitioner may dismiss her unexhausted claim (Ground Two), after which the Court would be empowered to stay her remaining fully exhausted claim (Ground One) while she returned to the state courts to exhaust her

dismissed claim. Petitioner is warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend her unexhausted claims back into her federal petition once she has exhausted them only if those claims are determined to be timely ... [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir.), cert. denied, 558 U.S. 887, 130 S.Ct. 214, 175 L.Ed.2d 148 (2009). In particular, petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the exhausted claim in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). **In order to proceed under Option 4, petitioner must: (1) file a declaration, signed under penalty of perjury, selecting a stay pursuant to Kelly, and (2) use the attached Notice of Dismissal form to select the option dismissing only certain claims, specify which ground for relief in the Petition she seeks to dismiss, and sign the form.**

Accordingly, **no later than November 18, 2013**, petitioner is **ordered** to show cause why the Petition should not be dismissed as a "mixed" petition. Filing by petitioner, on or before **November 18, 2013**, of a notice of dismissal **or** declaration, using **one** of the four options detailed above, shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that her failure to timely file a response to this Order, as set forth herein, will result in a recommendation that this action be dismissed as a "mixed" petition, and for failure to prosecute and follow Court orders**. The clerk is directed to send petitioner a copy of the Notice of Dismissal form, along with this Order.

cc:     Tammy Lynn Shirk, Pro Se
        Eric J. Kohm, CAAG


Initials of Deputy Clerk     ch